WILLIAM H. POOLE *vs.* RUFUS I. FELLOWS *et al.*

PROVIDENCE—MARCH 16, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Mechanics' Liens. Notice. Owner of Land.*

Gen. Laws cap. 206, § 5, provides "that no lien shall attach for materials furnished, unless the person furnishing the same shall, within sixty . days after such materials are placed upon the land, give notice in writing to the *owner* of the property to be affected by the lien (if such owner be not the purchaser of the materials) that he intends to claim such lien," etc.:—

*Held,* that the word "owner" means the owner of the fee when the fee in land is to be affected, and the owner of a leasehold or less interest when such less interest is to be affected.

(2) *Mechanics' Lien. Notice. Filing Account.*

Where the land to be affected by a lien lies in two towns, and no account . for which the lien is claimed was filed in one town, the omission waives the right to a lien upon so much of the land as lies in that town, but is not effective as a ground of demurrer to the petition.

MECHANICS' LIEN. Heard on demurrer to petition, and demurrer overruled.

(1)   Per Curiam.   We think the word "owner" in section 5 of chapter 206 of the General Laws, in the phrase "owner of the property to be affected by the lien," means the owner of the fee when the fee in land is to be affected, and the owner of a leasehold or less interest when such less interest is to be affected. In this case the purchaser of the materials was a lessee, and his term, not the reversion belonging to his landlord, was the property to be affected.   Of this property he was the owner, and, as he was likewise the purchaser of the materials, no notice to him was required.   As no such notice was required, no "copy of said notice" was required to be recorded.

(2)   The objection that part of the land lies in the town of Johnston and no notice was filed in that town, we understand to mean that the account for which the lien is claimed was not filed in Johnston.   This omission waives the petitioner's right to a lien upon so much of the land as lies in that town, but is not effective as a ground of demurrer to the petition.

Demurrer overruled.

*Charles E. Salisbury,* for petitioner.

*Page & Page and Cushing,* for respondents.